U.S. Magistrate Judge Brian A. Tsuchida

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>WILLIAM LEWIS CORMIER<br><br>Defendant. | NO. MJ19-371<br><br>COMPLAINT FOR VIOLATION<br><br>21 U.S.C. §§ 841(a)(1), (b)(1)(C)<br>18 U.S.C. § 924(c)<br>18 U.S.C. §§ 922(g)(1) |

BEFORE United States Magistrate Judge Brian A. Tsuchida, U. S. Courthouse, Seattle, Washington.

## COUNT 1

**(Possession of Controlled Substances with Intent to Distribute)**

On or about November 29, 2018, in the City of Seattle, within the Western District of Washington, WILLIAM LEWIS CORMIER, did knowingly and intentionally possess with intent to distribute, substances controlled under Title 21, United States Code, to wit: methamphetamine and heroin.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 2

**(Possession of a Firearm in Furtherance of Drug Trafficking)**

On or about November 29, 2018, in the City of Seattle, within the Western District of Washington, WILLIAM LEWIS CORMIER, did knowingly possess firearms, to wit: a homemade, semi-automatic handgun with a Glock-type frame, and a 9mm caliber slide and a Harrington & Richardson .22 caliber revolver, in furtherance of a drug trafficking crime, to wit: *Possession of Controlled Substances with Intent to Distribute*, for which he may be prosecuted in a court of the United States.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i).

## COUNT 3

**(Felon in Possession of a Firearm)**

On or about November 29, 2018, in the City of Seattle, within the Western District of Washington, WILLIAM LEWIS CORMIER, knowing that he had been convicted of the following crimes punishable by imprisonment for a term exceeding one year, to wit:

a. *Delivery of a Controlled Substance*, 03-1-03904-3, in King County Superior Court, on or about September 5, 2003; and

b. *Violation of the Uniform Controlled Substance* Act, 96-1-02982-0, in King County Superior Court, on or about January 10, 1997;

did knowingly possess, in and affecting interstate and foreign commerce, the following firearm, to wit: a Harrington & Richardson .22 caliber revolver, that had been shipped and transported in interstate and foreign commerce.

All in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT 4

### (Felon in Possession of Ammunition)

On or about November 29, 2018, in the City of Seattle, within the Western District of Washington, WILLIAM LEWIS CORMIER, knowing that he had been convicted of the following crimes punishable by imprisonment for a term exceeding one year, to wit:

a. *Delivery of a Controlled Substance*, 03-1-03904-3, in King County Superior Court, on or about September 5, 2003; and

b. *Violation of the Uniform Controlled Substance* Act, 96-1-02982-0, in King County Superior Court, on or about January 10, 1997;

did knowingly possess, in and affecting interstate and foreign commerce, the following ammunition, to wit: nine (9) .40 caliber rounds, that had been shipped and transported in interstate and foreign commerce.

All in violation of Title 18, United States Code, Section 922(g)(1).

**The undersigned complainant, Keeli Nelson, being duly sworn states:**

1. I am a Special Agent (SA) with the United States Department of Justice (DOJ), Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), and have been so employed since October 15, 2018. I am an "investigative or law enforcement officer of the United States" within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 2516. I am currently assigned to the Seattle Group V Field Office.

2. I am a graduate of the Federal Law Enforcement Training Center, Criminal Investigator Training Program, and the ATF National Academy, both in Glynco, Georgia. During this 28-week training, I received instruction relating to the investigation of firearm and explosives violations. Prior to this employment, I obtained a bachelor's degree in Biology with a minor in Chemistry from Carroll College in Helena, Montana,

and a master's degree in Forensic Psychology from Walden University in Minneapolis, Minnesota. During my career with ATF, I have had training and experience investigating violent crimes against persons and crimes against the government. I have been involved in investigations involving the unlawful purchase and/or unlawful possession of firearms and explosives. I have also participated in and executed search and seizure warrants with respect to the illegal possession of firearms and explosives.

3. The facts set forth in this Complaint are based on my own personal knowledge; knowledge obtained from other individuals who participated in this investigation, including other law enforcement officers; my review of documents and records related to this investigation; and information gained through my training and experience. I have not included all facts known to me obtained in this investigation, but only those facts necessary to set forth probable cause in support of the offenses alleged in Counts 1 through 4 above.

## CASE BACKGROUND

4. Beginning in October of 2018, Seattle Police Department Narcotics Detective Michael Spaulding utilized a confidential and reliable informant to make three controlled purchases of heroin from WILLIAM LEWIS CORMIER. The three controlled purchases all occurred in less than 30 days. Utilizing the information gained from the controlled purchases and the surveillance conducted by the Seattle Police Department's Narcotics Unit, Detective Spaulding obtained a search warrant from the King County Superior Court for CORMIER's residence, located at 1214 South West 124th Street, Unit B206, in Burien, Washington, and CORMIER's vehicle, a black 2010 Mercedes Benz with Washington license plate BDJ4346. The warrant also authorized the arrest of CORMIER.

5. On November 29, 2018, detectives and officers from the Seattle Police Department executed the warrant. CORMIER was located in the parking lot of his apartment complex next to his Mercedes. He was immediately placed under arrest. Members of the Seattle Police Department then made entry into CORMIER's apartment.

At the time of the search, CORMIER's adult sister was the sole occupant of the apartment. She was removed from the apartment, so a more thorough search could be conducted.

6. Detective Spaulding read CORMIER his Miranda Rights and told him why he was under arrest. CORMIER stated he understood his rights and began talking to Detective Spaulding. Detective Spaulding asked CORMIER if he had any narcotics on him and CORMIER stated he had some in his pocket. CORMIER referred to the heroin as "black" and the methamphetamine as "clear." Detective Spaulding removed approximately 20 grams of heroin and 8 grams of methamphetamine from CORMIER's pockets. The substances later tested positive for heroin and methamphetamine. Detective Spaulding also found a digital scale covered in heroin residue and $643.00 in cash in CORMIER's hoodie pocket. An additional $4800.00 in cash was located in CORMIER's wallet. Based on my training and experience, I know that the quantities of methamphetamine and heroin, along with the digital scales and the large amounts of cash attributed to CORMIER, establish that CORMIER intended to sell and distribute the methamphetamine and heroin to other persons.

7. CORMIER told Detective Spaulding that there was a gun in his apartment. He described the firearm as a .40 caliber pistol with a brown colored grip. CORMIER admitted that he was a convicted felon and that he knew he should not have a gun.

8. Officers from the North Precinct Anti-Crime Team were executing the search warrant as Detective Spaulding spoke to CORMIER. During the search, officers recovered what appeared to be a homemade, semi-automatic handgun, with a Glock-type frame, and 9mm caliber slide, in CORMIER's bedroom. Also recovered was a magazine loaded with nine rounds of .40 caliber ammunition. The handgun had no serial number, so a records check could not be completed to determine if the gun was stolen. Also on the right side of the bed near the firearm, was a digital scale covered in heroin residue. Officers located a second firearm under the living room couch. The gun was a Harrington & Richardson, .22 caliber, revolver. The serial number of the revolver was

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

filed off, so a records check could not be completed. Several items of dominion and control were recovered from the apartment, including bills and other mail in CORMIER's name.

9. CORMIER was transported to the North Precinct where he continued to talk to Detective Spaulding. CORMIER admitted that he had purchased the Glock-type handgun within the past two weeks. He said he exchanged $125 worth of drugs for the gun on Aurora Avenue in North Seattle. CORMIER also admitted to owning the .22 caliber revolver in the living room. CORMIER claimed that both firearms were already missing the serial numbers when he purchased them. Finally, CORMIER admitted that he did not have a job.

**CORMIER's Criminal History**

10. I have reviewed CORMIER's criminal history and confirmed that he has the following criminal convictions punishable by imprisonment exceeding one year:

    a) *Delivery of a Controlled Substance*, 03-1-03904-3, in King County Superior Court, on or about September 5, 2003; and

    b) *Violation of the Uniform Controlled Substance Act*, 96-1-02982-0, in King County Superior Court, on or about January 10, 1997;

The crimes are felonies under Washington law, punishable by a term of imprisonment exceeding one year.

**Interstate Nexus Examination of Firearms**

11. On August 7, 2019, ATF SA Catherine Cole, a certified Interstate Firearms and Ammunition Nexus Expert, who has been trained in the recognition of firearms and ammunition and their origin of manufacture, physically examined the following firearm and ammunition at a secured SPD evidence vault:

    (a) A Harrington & Richardson, Model 686, .22 Winchester Magnum Rimfire caliber revolver, with obliterated/unreadable serial number; and

    (b) Nine (9) .40 S&W caliber cartridges containing the markings "FEDERAL 40 S & W."

SA Cole determined that the Harrington & Richardson .22 caliber revolver and the nine live rounds of .40-caliber ammunition were not manufactured in the State of Washington. Based upon her experience, knowledge and research, it also SA Cole's opinion that the Harrington & Richardson revolver meets the definition of a firearm under Title 18, United States Code, Section 921(a)(3), and that the above-listed .40-caliber rounds meet the definition of ammunition under Title 18, United States Code, Section 921(a)(17)(A). SA Cole also opined that, because the above-listed firearm and ammunition were not manufactured in the State of Washington, they therefore must have traveled in and thereby affected interstate commerce if they were received or possessed in the State of Washington.

## CONCLUSION

12.     Based on the evidence recovered, the discovery of the firearms in proximity to distribution-level amounts of illicit drugs, and the other facts documented above, I respectfully submit that probable cause exists that WILLIAM LEWIS CORMIER committed the offenses of possession with intent to distribute controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), possession of a firearm in the commission of a drug trafficking offense, in violation of 18 U.S.C. § 924(c), felon in possession of a firearm, in violation of Title 18, United States Code, Section 922(g)(1) and felon in possession of ammunition, in violation of Title 18, United States Code, Section 922(g)(1).

*[signature]*
Keeli Nelson, Complainant
Special Agent, ATF

Based on the Complaint and Affidavit, to which the above-named agent provided a sworn statement attesting to the truth of the contents of such, the Court hereby finds that there is probable cause to believe the Defendant committed the offenses set forth in the Complaint.

Dated this 9 day of August, 2019.

_____
The Honorable Brian A. Tsuchida
United States Magistrate Judge